IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RONALD J. WORTHY,

    Petitioner,

CASE NO. 2:12-CV-652
**JUDGE EDMUND A. SARGUS**
**Magistrate Judge Elizabeth A. Preston Deavers**

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

## OPINION AND ORDER

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the instant petition, Respondent's *Motion to Dismiss*, Petitioner's Response, and the exhibits of the parties. For the reasons that follow, Respondent's *Motion to Dismiss*, Doc. No. 7, is **GRANTED**. This action is hereby **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

**Procedural History:**

Petitioner's underlying convictions on two counts of rape, two counts of gross sexual imposition, and contributing to the delinquency of a minor are the result of his May 3, 2011, negotiated guilty plea in the Licking County Court of Common Pleas. In a Judgment Entry filed on May 4, 2011, the trial court sentenced Petitioner to an aggregate term of fourteen years. *Exhibit 6 to Motion to Dismiss.* Petitioner did not file an appeal.

1

On July 19, 2012, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner asserts he is being held in the custody of the Respondent in violation of the Constitution of the United States as follows:

1. Void commitment papers. Claiming Brady v. Maryland, 373 U.S. 83.

2. Void judgment. Claiming Brady v. Maryland, 373 U.S. 83. Claiming – the 25th Section of the Act of 1789 constitutional law.

3. Claiming the Act of Congress under the 25th Section of the Act of 1789, because the court amended my indictment with counts 1 and 4 – this action violated the U.S. Constitution. . . .

4. Claiming my indictment was amended without resubmission to the grand jury. . . .

It is the position of the Respondent that this action must be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

**Statute of Limitations:**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

2

> the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner challenges his May 4, 2011, convictions and sentence made pursuant to the terms of his negotiated guilty plea. Because he did not file a timely appeal, his convictions became final on June 3, 2011, thirty days after his judgment of sentence, when the time period expired to file a timely appeal. *See Searcy v. Carter*, 246 F.3d 515, 518–19 (6th Cir. 2001); *Marcum v. Lazarof*, 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A). The statute of limitations began to run the following day, on June 4, 2011, and expired one year later, on June 4, 2012. Petitioner did not file this habeas corpus petition until July 19, 2012. Further, he has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. Therefore, this action is time-barred.

Petitioner contends that his habeas corpus petition nonetheless is timely because the trial court permitted the prosecution to amend the indictment without resubmission to the grand jury, in violation of State and federal law. He contends that his convictions and sentence therefore are void. *See Petitioner's Response.* This argument fails.

> [T]he federal guarantee of a grand jury indictment does not apply to the states. *See, e.g., Koontz v. Glossa*, 731 F.2d 365, 369 (6th

3

>Cir. 1984) (citing *Branzburg v. Hayes*, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972)); *accord Riffel v. Erwin*, 2005 U.S. Dist. LEXIS 11666 (S.D. Ohio 2005). In addition, "the Constitution does not require any particular state indictment rule ... [or] an indictment at all if sufficient notice of the charges is given in some other manner." *Id.* (*citing Combs v. Tennessee*, 530 F.2d 695 (6th Cir.) *cert. denied*, 425 U.S. 954, 96 S.Ct. 1731, 48 L.Ed.2d 198 (1976)).

*Segines v. Tibbals*, No. 1:11-cv-02400, 2012 WL 5471802, at *9 (N.D. Ohio Sept. 13, 2012).

Further, as noted by the Court of Appeals in *Frazier v. Moore*, 252 Fed. Appx. 1, 4 (6th Cir. Oct. 7, 2007), "[t]he fact that the state court judgment may have been procured in violation of state or federal law does not. . . render the judgment null under § 2244(d)." *Id.* at 5. Rather,

>In order to constitute a "judgment" under §§ 2244(d) and 2254, a state court judgment need not be unassailable, or even prima facie correct. If a judgment that was procured by a procedure that violated federal constitutional rights were sufficient to render a petitioner not in custody "pursuant to the judgment of a state court" for the purpose of §§ 2244(d) and 2254, then the habeas regime embodied in these provisions would be substantially undermined.

*Id.*; *see also Williams v. Knab*, No. 2:11-cv-00537, 2011 WL 2551030, at *2-3 (S.D. Ohio June 24, 2011)(same). Thus, it does not matter, for purposes of determining if the statute of limitations has run that petitioner claims to be in custody pursuant to a defective, void, or illegal judgment rendered by a state court. The fact remains that this claim had to be brought within one year of the date on which the judgment became final and non-appealable, or, as in this case, by June 4, 2012. Petitioner's July 19, 2012 petition is, therefore, untimely.

**WHEREUPON**, Respondent's *Motion to Dismiss* (Doc. 7) is **GRANTED** and that this action hereby is **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

4

Case: 2:12-cv-00652-EAS-EPD Doc #: 9 Filed: 08/19/13 Page: 5 of 5  PAGEID #: 70

5

**IT IS SO ORDERED.**

                                                                   /s/     8-19-2013

                                                         EDMUND A. SARGUS, JR.
                                                         United States District Judge